221-0702-WC Daniel Smith Jr. Appellant by James DeSanto v. Illinois Workers' Compensation Comm'n Mid-American Heating and Air Conditioning Appellee by Francis O'Byrne Jr. Mr. DeSanto, you may proceed. Thank you, Your Honor, but I somehow clicked the wrong thing and I don't see anybody anymore. You can hear me, I take it. We can both see you and hear you. I can't see you, but I guess I don't have to see you. It must be something simple here. If you don't mind if I just take a second. Sir, are you in speaker view or gallery? Well, I don't need to see you, I suppose. Let me begin. Thank you very much, Your Honor, and I appreciate the courtesy of letting me appear by way of sound, although it didn't start out that way. The issue in the case is whether I have substantially complied with the provisions of Rule 19F and 19F1, and is substantial compliance a sufficient exception to the harsh construction or strict construction of 19F1. It's acknowledged and approved by the Commission on July 1st, when the Commission entered its final order. The final order merely corrected a mathematical error that as a matter of law, there really wasn't any necessity for the motion to correct, at least in my opinion. Nevertheless, the employer had filed the motion to correct. Is that right? That's absolutely correct. They did. Now, I did not get notice of that until June 24th. I didn't get notice because the Commission had instituted a requirement that everything be done by electronic filing. I'm not, as we can see right now, I'm not really proficient in the use of a computer. I had somebody assist me, and it wasn't until June 3rd that I got on the computer system, although subsequently, other things that should have been coming to me by way of the Commission didn't. But nonetheless, on June 3rd, I filed a notice of intent to appeal the May 19th order of the Commission. But herein lies the problem. So, as I understand, you're acknowledging that you, after the employee filed the petition for review, before that was ruled on, then you took the appeal. So, how do you respond to the fact that you sought review of a decision that was not yet final and appealable because the Commission hadn't ruled yet? Well, I respond to that by saying I complied with the purposes of the rule. Yeah, but does the law allow that? Isn't the compliance requirement pretty strict? I mean, can we carve out exceptions? Right, there are exceptions if there's substantial compliance. The question is whether or not I perform substantial compliance. One of the purposes of the rule, in fact, the ones that the majority of the appellate court cases cite, is whether or not notice was given to the Commission and the parties. By my filing the July 14th notice of intent, I gave the Commission and the parties notice. So, I complied with that portion of the rule. The International Harvester case seems to be the guiding light. It's a good case. One of the Supreme Court issues, or one of the things that the Supreme Court said is the Circuit Court has to have the final opinion or decision of the Commission before it. That's exactly the point. In your case, they didn't have it. The Circuit Court didn't have it. So, how did the Circuit Court have jurisdiction when they didn't have the final Commission's decision? Okay, they had jurisdiction, or they could have had jurisdiction, or they would have had jurisdiction on July 1st. That was the day of the final order. Notice was given to the Commission on July 14th. On August 21st, since the case had to be before, I think it was Judge Costello, on September 7th for status, I filed a motion to amend, and the motion to amend on August 26th had the final order. So, the Court, time-wise, could have had jurisdiction. I didn't refile the complaint. I don't think the law requires something that's unconstitutional. I'm sorry, go ahead. If the Circuit Court had no jurisdiction in your original filing, from whence came its motion to amend? I'm saying that the Court was capable of having jurisdiction following July 1st. That's not what happened in International Harvester. Hold on, hold on. There's no question that after July 1st, the Circuit Court could gain jurisdiction, but you would have had to file a new case. You can't come into the Circuit Court and ask them to amend something they had no jurisdiction over to begin with. No, I understand that. I understand that's the, that, I assume that's your position as well as the Circuit Court, as well as Mr. O'Byrne, but I think that when you look at the, the, I don't, I think the policy and the procedures with workers' comp, and although I'm not a workers' comp lawyer, obviously, it seems that this should be something that has a liberal interpretation as to the rights of appeal. And by taking a strict construction, when there are numerous cases saying you don't have to, especially when you have a case where the equities are so strongly in favor of the petitioner, I think that there has been substantial compliance. But I understand Mr. O'Byrne's position, apparently your position, and the Circuit Court's position, but I'm hoping that you can understand that there are exceptions. And in this case, it's kind of a perfect storm case. This exception should be, should be granted. Council, Council, does your case, do you have exceptions for substantial compliance in cases where it directly addresses jurisdiction? I think they do. And the cases that I looked at, I think International Harvester is the first, that's 1978, that starts it. Then in 1987, Sprinkman says jurisdiction is based on substantial compliance. If courts have found, let's see, strict compliance with Section 19F is normally required before a Circuit Court is vested with subject matter jurisdiction, citing several cases. However, courts have found jurisdiction based on substantial compliance with the requirements of Section 19F. Now, what is substantial requirement? In Luttrell, which is a 1987 case, the crucial point is that the goal of the purpose, and the purpose of the statute was satisfied. Notice to the Industrial Commission and the parties. That was, that's what Luttrell says. Then Jones, which is a Supreme Court case, says substantial compliance is not so narrow as to defeat the intention of the act or the beneficial results. So by holding a strict interpretation in this case, then the beneficial results are not complied with. In Schultz v. Forest Preserve, which is 2003, the goal and purpose of the statute is to give notice to the Industrial Commission and parties, which I did on the statute itself. Even when you read, if you've read the proceedings before Judge Costello, this is a difficult and a harsh statute. And a lot of practitioners, and I'm not a practitioner, a lot of practitioners make a mistake. And in the Illinois Defense Council thing by Bradford Peterson, he says dangers lurk in the filing of a petition to correct. Mr. O'Byrne said a lot of, you know, giving his credentials as an excellent workers' compiler, and I agree, he is an excellent, he's a pretty nice guy as a matter of fact. But any event, the goal and purpose of the statute is notice of the Commission and the parties were not satisfied. And that's in, I think this was at the Eddards case. And that's where Mr. O'Byrne discusses the Eddards case and said that there are good experienced lawyers that have made the mistake that 19F provides. This is a trap, it's a gotcha trap. I don't practice in your area, but this, unfortunately, this client who's was injured in 2003 and hasn't been able to work since, went through a number of lawyers and they refused to take his case. And I'm in the seat now, Judge. So unless there are any further questions, I'll keep quiet. I don't see that there are, Mr. DeSanto, but you will have time and reply. Thank you. Mr. O'Byrne, you may respond. Yes, good morning, Your Honors, Counsel Francis O'Byrne on behalf of the Respondent Eppley for Mid-American Heating. Judges, I really don't have that much to add. Counsel just mentioned Circuit Court Judge Costello's decision. If you look at the decision and the argument, Judge Costello just summed it up and he said, I would love to address your equitable argument, Counsel, to Mr. DeSanto, but I have no jurisdiction. Unfortunately, I mean, for Mr. DeSanto, that's what it comes down to. He didn't comply with the statute. There is no jurisdiction to address his equitable argument. And when we discussed the corrected decision with an appeal of that decision, Commissioner Portello did as well, because I knew Mr. DeSanto was not a regular in the commission. And I assume that he understood that refiling another, you know, filing another appeal was of the corrected decision. Because as I pointed out during the argument with Judge Costello, this is a rule that is often that attorneys make mistakes, including veteran attorneys. That's really all I have. I mean, I don't really need to go into any more. I mean, I'm just relying on the International Harvester case. I mean, Counsel cited, you know, a couple of cases, but they all deal with the court having jurisdiction and then addressing, you know, form over substance issues like the Republic Steel case was with whether there was a valid bond. The Berry case was, did they file the receipt? Where's the receipt? You know, but the court had jurisdiction. The Bethlehem Hams Steel case was they named the wrong party or there was an issue with the name. But again, as Judge Costello pointed out, the court had jurisdiction and then ruled on whether there was a substantial compliance in filing the documents to perfect the appeal. Chadwick, I think that case is just an incorrect address. You know, Your Honors, I'll rest now. I'll just ask that the court affirm the circuit court decision based on the Illinois Supreme Court of International Harvester. Thank you. Thank you, Mr. O'Byrne. Mr. DeSantam, do you wish to reply? Yes, just a few points. The first point is, indeed, Mr. O'Byrne and Judge Costello said you have to, this is a new case, and you have to, you have to, and I thought they said make sure the commission gets notice of the appeal. I didn't believe that they said you have to refile your complaint. I thought I had a perfectly good complaint on file. I wasn't aware of the legal fiction or the legal nullity thing on the case. Secondly, in the International Harvester case, I don't believe that there was ever a notice of intent to appeal that after the final decision was made, and I think that the jurisdiction that can go to the circuit court begins on July 1st, and had the court entertained my motion, and I understand the strict instruction says he couldn't, but if he would, then he would have had the appropriate complaint before him, and all of the other cases say that they didn't have, they didn't appeal the appropriate case, so I understand, and I have a difficult burden. I appreciate that. I appreciate everybody's courtesy and even Mr. O'Byrne's kindness, but thank you for your attention. Thank you, Mr. DeSanto. Thank you, counsel, both for your arguments in this matter this morning.